## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NASR BASILY,

       *Plaintiff*,

    v.

LONNIE G. BUNCH III, *Secretary,
Smithsonian Institute*,

       *Defendant*.

Civil Action No. 23-2719 (RDM)

## <u>MEMORANDUM OPINION</u>

For months, Plaintiff Nasr Basily has failed to respond to the motion to dismiss filed by Defendant in this case, Dkt. 13, despite two Court orders directing him to do so, *see* Dkt. 15; Min. Order (Apr. 12, 2024).  For the reasons discussed below, the Court will dismiss Plaintiff's case without prejudice for failure to prosecute under Federal Rules of Civil Procedure 41(b) and Local Civil Rule 83.23.

Plaintiff commenced this action with the aid of counsel on March 23, 2023 in the U.S. District Court for the Eastern District of Virginia.  *See generally* Dkt. 1 (Compl.).  Plaintiff named as defendant Lonnie G. Bunch III, the Secretary of the Smithsonian Institution, and alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964.  *See id.* at 1 (Compl. ¶ 1).  That court, with the agreement of the parties, subsequently transferred the case to the U.S. District Court for the District of Columbia.  Dkt. 9.

Defendant timely moved to dismiss on November 20, 2023.  Dkt. 13.  On December 26, 2023, Plaintiff's counsel filed a motion to withdraw on the ground that he was not admitted to practice before this Court.  Dkt. 14.  The Court granted counsel's motion, Min. Order (Dec. 30,

2023), and promptly issued a *Fox/Neal* order advising Plaintiff of the consequences of failing timely to respond to Defendant's motion and giving him until February 12, 2024 to do so, Dkt. 15 at 2.  After Plaintiff failed to respond by that date, the Court *sua sponte* extended his time to respond, setting a new deadline of May 7, 2024.  *See* Min. Order (Apr. 12, 2024).  Since then, Plaintiff has failed to file any response or to seek a further extension of time.

Under Federal Rule of Civil Procedure 41(b), it is within a court's discretion to dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." The Court may dismiss for failure to prosecute *sua sponte* or on a defendant's motion.  LCvR 83.23; *see also Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).  The authority to dismiss an action for failure to prosecute has long been recognized as "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the courts.  *Link*, 370 U.S. at 629–30.

Dismissal is warranted when, "in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985).  "A lengthy period of inactivity may . . . be enough to justify dismissal," at least when "the plaintiff has been previously warned that he must act with more diligence, or if he has failed to obey the rules or court orders." *Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988).  Although dismissal for failure to prosecute is a relatively "harsh sanction . . . ordinarily limited to cases involving egregious conduct by particularly dilatory plaintiffs," *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012) (quoting *Peterson*, 637 F.3d at 418), it is nonetheless warranted "when lesser sanctions would not serve the interest of justice," *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990).

Moreover, dismissal without prejudice may, at times, mitigate the severity of the sanction.  Such a step, in any event, is less draconian than treating an unopposed motion to dismiss as conceded, as this Court's rules also permit, *see* Local Civil Rule 7(b) (providing that if an opposition is not timely filed "the Court may treat the motion as conceded"); *see also MacLeod v. U.S. Dep't of Homeland Sec.*, 2017 WL 4220398, at *5, *8 (D.D.C. Sept. 21, 2017) (describing standard and granting a motion to dismiss as conceded), which will often operate as an adverse adjudication on the merits, *Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 119–20 (D.D.C. 2014); *Poblete v. Indymac Bank*, 657 F. Supp. 2d 86, 90 n.2, 95–96 (D.D.C. 2009).  And, it will often be less prejudicial than reaching the substance of a motion to dismiss without the benefit of any opposing argument, which will also typically result in a decision on the merits.

Given Plaintiff's failure to respond to the Court's orders and his "lengthy period of inactivity," dismissal for failure to prosecute is appropriate.  Defendant's motion to dismiss was filed in November 2023—almost six months ago.  The Court advised Plaintiff of the consequences of inaction, *see* Dkt. 15 (*Fox*/*Neal* Order), including that the Court could "dismiss Plaintiff's claims for failure to prosecute," *id.* at 2, and *sua sponte* granted a substantial extension of the time to file a response, *see* Min. Order (Apr. 12, 2024).  In light of this procedural history, the Court concludes that Plaintiff has "not manifested reasonable diligence in pursuing" his case and that his Complaint should be dismissed.  This Court's Local Rules provide that dismissals for failure to prosecute should be made without prejudice unless the delay in prosecution impairs the opposing party's interests.  LCvR 83.23.  The Court sees no reason to depart from the default rule, particularly in light of Plaintiff's *pro se* status.  By doing so, the Court will leave Plaintiff in the same position as if the action—which he has, to date, declined to pursue—were never filed.

In light of Plaintiff's failure to respond to Defendants' motion to dismiss, Dkt. 13, the

Court concludes that the best course of action is to dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 83.23.

A separate order consistent with this memorandum opinion will follow.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  May 15, 2024