UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NASR BASILY,

      *Plaintiff*,

v.

LONNIE G. BUNCH III, *Secretary*, *Smithsonian Institute*,

      *Defendant*.

Civil Action No. 23-2719 (RDM)

**MEMORANDUM OPINION**

Plaintiff commenced this action with the aid of counsel on March 23, 2023, in the U.S. District Court for the Eastern District of Virginia. *See generally* Dkt. 1 (Compl.). Plaintiff named as Defendant Lonnie G. Bunch III, the Secretary of the Smithsonian Institution, and alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964. *See id.* at 1 (Compl. ¶ 1). That court, with the agreement of the parties, subsequently transferred the case to the Court. Dkt. 9. In transferring the case, the District Court for the Eastern District of Virginia noted that "[c]ounsel for Plaintiff agrees that transfer to the District of Columbia is appropriate [and] because counsel is not a member of the bar of that jurisdiction, he will withdraw as counsel of record in this action." *Id.* at 1 n.1.

Defendant then timely moved to dismiss on November 20, 2023. Dkt. 13. Plaintiff's counsel filed a motion to withdraw on the ground that he was not admitted to practice before this Court, noting that Plaintiff was "aware" of this fact. Dkt. 14 at 1. The Court granted counsel's motion, Min. Order (Dec. 30, 2023), and promptly issued a *Fox/Neal* order warning Plaintiff of the consequences of failing timely to respond to Defendant's motion and giving him until

1

February 12, 2024, to do so, Dkt. 15 at 2.  On January 9, 2024, Defendant's counsel emailed Plaintiff a copy of its motion to dismiss, stating:

> Good Afternoon Mr. Basily,
>
> I hope all is well and happy New Year.  Please see a courtesy copy of Defendant's motion to dismiss attached.

Dkt. 21 at 3.  Plaintiff's response, although cryptic ("Why.  No I regret it"), confirmed the he received the email.  *Id.*  Plaintiff, however, failed to file an opposition by February 12, 2024.  The Court then *sua sponte* extended his time to respond and "ORDERED [that he] respond to Defendant's motion . . . on or before May 7, 2024."  *See* Min. Order (Apr. 12, 2024).  Plaintiff did not do so.

Thus, despite the passage of almost six months from the filing of Defendant's motion to dismiss, and despite two orders from the Court directing that he respond to the pending motion, Plaintiff neither sought an extension of time nor complied with the Court's orders.  To the contrary, following the withdrawal of his counsel, the Court heard nothing at all from Plaintiff.  Accordingly, on May 15, 2024, the Court dismissed Plaintiff's claims for failure to prosecute.  Dkt. 17.  As the Court explained, "[t]he authority to dismiss an action for failure to prosecute has long be recognized as 'necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion' in the courts," *id.* at 2 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962)), and "[d]ismissal is warranted when, 'in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause,'" *id*. (quoting *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985).  Finally, the Court also explained that "dismissal without prejudice [for failure to prosecute] may, at times, mitigate the severity of the sanction," which "is less draconian than treating an unopposed motion to dismiss as conceded" and disposing of the case "on the merits."  *Id.* at  3.

Three months later, on August 2, 2024, Plaintiff, with the assistance of new counsel, filed a motion for reconsideration, seeking to vacate the Court's dismissal. Dkt. 19. Plaintiff argues that reconsideration is warranted because his former counsel provided him "no advice" as to how Plaintiff should proceed, and Plaintiff "tried retaining other counsel but could not do so for financial reasons." *Id.* at 1. Defendant filed an opposition, Dkt. 20, and Plaintiff did not file a reply.

For the reasons stated below, the Court will **DENY** Plaintiff's motion for reconsideration.

## I.  LEGAL STANDARD

Although Plaintiff does not identify which of the Federal Rules of Civil Procedure he relies upon, "a motion to reconsider a final judgment is generally treated as a Rule 59(e) or Rule 60(b) motion." *West v. Holder*, 309 F.R.D. 54, 55 (D.D.C. 2015).[1] Rule 60(b) authorizes a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six enumerated grounds: "(1) mistake, inadvertence, surprise, or excusable neglect;" (2) "newly discovered evidence;" (3) fraud, misrepresentation, or misconduct by an opposing party; (4) "the judgment is void;" (5) "the judgment has been satisfied, released, or discharged;" or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

In addition, a party seeking relief under Rule 60(b) "must at least establish that it possesses a potentially meritorious claim or defense which, if proven, will bring success in its wake." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) (citation omitted).

---

[1] Rule 59(e) is not applicable here because Plaintiff's motion comes too late. A party can move to alter or amend a judgment under Rule 59(e) "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court does not have authority to extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

3

The party must provide the court with reason to believe that "vacating the judgment will not be an empty exercise or a futile gesture." *Id.*

The movant under Rule 60(b) bears the burden of showing that he or she is entitled to relief. *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011). "'[T]he decision to grant or deny a [R]ule 60(b) motion is' likewise 'committed to the discretion of the [d]istrict [c]ourt.'" *Williams v. Brennan*, 322 F. Supp. 3d 140, 141 (D.D.C. 2018) (quoting *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993)).

## II.  ANALYSIS

Plaintiff does not specify which rule he relies upon, and so the Court will construe his filing as seeking relief under 60(b)(1) or (6). Rule 60(b)(1) permits a court to relieve a party from previous judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(6) represents a catch-all provision, authorizing a court to relieve a party for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Plaintiff has failed to carry his burden of demonstrating that reconsideration is warranted under either provision.

Notably, Plaintiff does not argue that the Court erred in dismissing his case for failure to prosecute or that the Court failed to consider a material fact or legal argument. Rather, Plaintiff argues that he did not know how to proceed once his former counsel withdrew from the case and did not respond to his inquiries. Dkt. 19 at 1. Plaintiff also asserts that he was unable to respond to the motion to dismiss because he was unable to find new counsel, but his "interest in finding new counsel to pursue his claim has never waned." *Id.* at 1–2.

These justifications are insufficient to show "excusable neglect" under Rule 60(b)(1). The Supreme Court has set out four factors for evaluating whether a movant has demonstrated excusable neglect: "(1) the danger of prejudice to the party opposing the modification, (2) the

length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The Court agrees with Defendant that the factors weigh against Plaintiff. Dkt. 20 at 9. First, the Defendant contends that it will be prejudiced if the case is reopened because the matter has been closed for months, the events alleged in the complaint occurred more than five years ago, and the memories of witnesses will continue to fade as time passes. *Id.* Second, the length of delay is significant because Defendant filed its motion to dismiss in November 2023. The Court provided Plaintiff ample time to respond, but he failed to file anything with the Court despite two Court orders directing that he respond and despite the Court's warning that, if he failed to respond, the Court might dismiss the case for failure to prosecute. The dismissal in this case was not the result of "'harsh calendar rules' or a technicality," *Odutola v. Branch Banking & Tr. Co.*, 2021 WL 5906105, at *4 (D.D.C. Dec. 14, 2021), but, rather, Plaintiff's failure to abide by two Court orders, failure to seek an extension of time, and complete absence from the case for almost six months.

Moreover, Plaintiff does not claim that he failed to receive Defendant's motion to dismiss or the Court's orders directing him to respond. *See* Dkt. 19. Plaintiff began proceeding *pro se* after his counsel withdrew, but a litigant's *pro se* status, without more, is insufficient to meet the "excusable neglect" standard. *Pro se* litigants "are not excused from following procedural rules," including rules and court orders requiring a response to a motion to dismiss. *Oladokun v. Corr. Treatment Facility*, 309 F.R.D. 94, 98–99 (D.D.C. 2015) (denying Rule 60(b)(1) motion

even where *pro se* plaintiff claimed he did not receive the court's show cause order). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ." *Pioneer Inv. Servs. Co.*, 507 U.S. at 392. Nothing prevented Plaintiff from—at a bare minimum—letting the Court know that he still wanted to pursue the case and needed additional time to find a new lawyer. Instead, he simply ignored two Court orders and the Court's clear admonition about the consequence of doing so.

Nor is reconsideration warranted under Rule 60(b)(6). Relief under Rule 60(b)(6) "should be only sparingly used" and only in "extraordinary circumstances," *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1119–20 (D.C. Cir. 2011), such as "when a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust," *Walsh v. Hagee*, 10 F. Supp. 3d 15, 21 (D.D.C. 2013) (quoting *Taitz v. Obama*, 754 F. Supp. 2d 57, 59 (D.D.C. 2010)). Plaintiff does not point to any similar circumstances here. *See* Dkt. 19 at 1–2.

Finally, Plaintiff fails to demonstrate that his claim is potentially meritorious. *See Murray*, 52 F.3d at 355; *Marino v. Drug Enf't Admin.*, 685 F.3d 1076, 1080 (D.C. Cir. 2012). Defendant argued in its motion to dismiss that Plaintiff failed to exhaust his administrative remedies as to most of his claims, that he failed to allege an "adverse action" under the standard set forth in *Chambers v. District of Columbia*, 35 F.4th 870, 874–75 (D.C. Cir. 2022) (and later, largely embraced in *Muldrow v. City of St. Louis*, 601 U.S. 346, 354–55 (2024)) as to other claims, and that he failed adequately to allege that any alleged adverse action was taken because of his race, color, or national origin. *See generally* Dkt. 13 at 14–30. Although many of those arguments seem correct, Plaintiff has failed to offer any explanation for how he could, if the Court were to vacate its decision, even survive a motion to dismiss. That is his burden at this

point, yet he offers no basis to believe that his claims are "potentially meritorious." *Murray*, 52 F.3d at 355  Rather, he now focuses on the contention that a co-worker intentionally caused him injury in the workplace, Dkt. 19 at 5 (Basily Decl.), but he has failed to explain how that injury was the product of his employer's discriminatory animus, and thus failed to explain why his employer should be liable.

Plaintiff has not cleared the high bar necessary to obtain relief under Rule 60(b).  None of his arguments identifies any "excusable neglect" or "extraordinary circumstances" that would warrant relief under Rule 60(b), nor has Plaintiff argued that his claim is meritorious.

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration, Dkt. 19, is denied.

A separate order shall issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  October 5, 2024